**RIORDAN J. ZAVALA, ESQ. - SBN 143870**
Law Offices of Riordan J. Zavala
P.O. Box 1061
Placentia, CA 92871
(714) 996-5168
e-mail: rjzlaw@adelphia.net

Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA—RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>Coastline Manufacturing, LLC<br><br>Debtor.<br><br>And related cases. | **Case No. 6:09-bk-28324- BB**<br><br>Chapter 11<br>Assigned: Hon. Sheri Bluebond<br><br>**DECLARATION OF RIORDAN J. ZAVALA, ESQ. IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW**<br><br>Date: To be determined.<br>Time:<br>Place:<br><br>**[LBR 2091-1]** |

**TO THE COURT AND DEBTOR:**

\\\
\\\

-1-

**STATEMENT OF FACTS— DECLARATION OF RIORDAN J. ZAVALA, ESQ.**

I, Riordan J. Zavala, Esq. declare:

I am an attorney at law duly licensed to practice before the United States District Court-Central and Northern Districts of California, the Ninth Circuit Court of Appeal, and all state courts of California; and, am counsel for debtor in the above-entitled Chapter 11 matter. Accordingly, I know all matters and facts set forth herein to be true of my own personal knowledge, except those stated upon information and belief; and as to those, I believe them to be true.  If called as a witness, I could and would competently testify thereto.

1. Communication with and any cooperation by the principal on behalf of debtor, David Garthwaite has broken down, such that this counsel is unable to assist debtor in the prosecution of the above-entitled matter, nor to advance debtor's interests.

2. Specifically, immediately subsequent to this court granting secured creditor Textron Financial Corporation's Motion for Relief from Stay in order to pursue its claimed security interests, which included all personal property of debtor, this counsel advanced a detailed memorandum to debtor's principal, on that same day, 08/25, at 4:05 p.m., detailing debtor's options, advancing section 1112, 707, and 362(d), as well as the service requirements of Rule 2002; and further, re-informing him I needed his continued cooperation to continue working to complete the US Trustee's 7 day package requirements, which had been extended on my request at the outset of the case to 09/01/09.

3. On 08/26, in light of the court's ruling, I prepared withdrawals of motions for court-authorization of use of cash collateral times 6 in this matter and related cases[1], as well as

---

[1] There are 6 related debtors [i.e. 6:09-bk-28324-BB, In re Coastline Manufacturing, LLC, 6:09-bk-28325-BB, In re Elite Window Corporation, 6:09-bk-28326-BB, In re Magna Window Corporation, 6:09-bk-28327-BB, In re Pacific Window Corporation, 6:09-bk-28328-BB, In re Pac Bay Window, LLC, and 6:09-bk-28330-BB, In re Window Logic Corp.], all of whom initiated Chapter 11 petitions on 08/11/09, and, for which all matters are

−2−

withdrawals of motions for payment of pre-petition wages times 6, which had been set for hearing on Thursday 08/27.  Mr. Garthwaite was informed of the action I was taking; and, objected to my doing so.  Additionally, I prepared motions for extensions of time to file debtor's schedules and required documents times 6 in this matter and related cases, as well as orders thereon.  Yesterday, 09/03, I was notified by way of the morning docket report those requests had been granted and extensions given though 10/01/09.

4.    On Thursday, 08/27, well before the hearing at 2:00 p.m. on debtor Pacific Window's motion to approve settlement, and in response to this court's deputy Wendy Wesley's emails of 08/24, this counsel re-advanced to Mr. Garthwaite, for signature, at 9:09 a.m., 9:55 a.m. and 10:45 a.m. resolution(s) authorizing filing times 6, declaration in support of settlement, and declaration(s) for joint administration of cases times 6, respectively.   Mr. Garthwaite refused to sign anything other than the declaration in support of the proposed settlement.

5.    On Friday, 08/28, in response to this court's suggestion at the hearing on Tuesday, 08/25, to Atty. Egger on behalf of landlord David Garthwaite („Sr.) Family Trust to prepare a stipulation for rejection of the lease with debtor Pac Bay Window, LLC, for the court's approval,  I received same from Atty. Egger.  I reviewed the Stipulation, made minor grammatical and format changes, to which no objection was taken, and forwarded the document to debtor's principal for signature.  Mr. Garthwaite refused to sign and return that document as well.

6.    At the hearing on 08/27, on debtor Pacific Window's motion to approve settlement, attorney Stephen R. Wade entered an appearance as "prospective counsel for Debtor" Pacific Window, in the absence of any substitution having been filed with the court.  [In fact, as early as the 25th, in the aforementioned memorandum to Mr. Garthwaite, he was informed that if he didn't continue communicating with this counsel, this counsel would have to file a motion to withdraw, and it was his option to substitute another firm in to these cases in my stead.]

---

pending in this same court, before this same judge, wherein they are represented by this sole counsel.

−3−

7. So, on Friday, 08/28, at 2:44 p.m., I advanced to Mr. Garthwaite a copy of the court's order granting Textron relief from stay; updated him on the fact that nothing had showed on the debtors' requests for extension of time; invited him once again to sign his declarations for joint administration to streamline the process; and, inquired specifically with respect to Mr. Wade substituting in to these matters, as he had represented to the court the day before. I requested those substitutions for my signature; and, further advised regarding the upcoming initial debtor interviews with the US Trustee on 09/03; and, that the situation would have to be resolved by that date. Mr. Garthwaite refused to respond.

8. On 09/02, at 1:24 p.m., I informed the US Trustee Lossing and Bankruptcy Analyst Alfano, as a matter of courtesy, that I would be appearing on 09/03 for the IDI's since I was still attorney of record for debtors, despite the fact that Mr. Wade, who made the aforereferenced appearance on 08/27, as "prospective counsel" for debtor Pacific Window on the motion to approve settlement, inasmuch as he had yet to advance any substitutions of attorney. I also informed them I did not have any control over Mr. Garthwaite; and, that he had ceased to cooperate with me in the representation of debtors. Moreover, I indicated I expect to be filing motions for leave to withdraw with the court, should he fail to show on the 4th, unless, he did show with Mr. Wade or another attorney, with substitutions of attorney for my signature.

9. That same day, prior to the above courtesy notice to the UST(and since I had received no response to my e-mail to Mr. Garthwaite of 08/28, above–referenced) at 12:55 p.m., I gave the required notice of LBR 2091-1(d) to debtor's principal by way of e-mail, and further informed him that I would be appearing at the IDI's on 09/03 since I was still attorney of record. I further indicated that if he decided to show with Mr. Wade, he needed to bring an F-2090-1.4, Substitution of Attorney, for each case, which I would sign.

10. Yesterday, 09/03, at 8:31 a.m., I informed debtor's principal by way of e-mail that the court had approved the request for an extension of time to file the required schedules and documents in this and the related matters, and advanced the court's order to him regarding same as well.

-4-

11. At 1:30 p.m. yesterday, Mr. Garthwaite appeared at the scheduled IDI at the UST's office, subsequently followed by Mr. Wade at approximately 1:50 p.m. The meeting commenced on Mr. Wade's arrival. I asked Analyst Alfano to make inquiry whether debtor's principal or Mr. Wade had substitutions of attorney for my signature. They represented they did not. Accordingly, I objected to Mr. Wade making any statements. The interview was terminated at that point. After consulting with someone else in the office briefly, Mr. Alfano requested resolution of Mr. Wade's purported representation by Tuesday, 09/08, 12:00 p.m. noon. I informed him that I would be filing a motion for leave to withdraw.

12. On this date, 09/04, I received notice by way of the ECF daily docket report on these matters, specifically document no. 50 in In re Pacific Window Corporation, 6:09-28327-BB that a Proof of Service of an Order Setting Scheduling and Case Management Conference was filed online by "Wade, Stephen." The court is respectfully requested to take judicial notice thereof. Accordingly and putatively, Mr. Wade as stepped in as attorney of record for debtor Pacific Window.

13. Based on the above-mentioned facts, and in the absence of any cooperation or communication with debtor's principal, David Garthwaite, this counsel is unable to assist debtor in the prosecution of the above-entitled matter, nor to advance debtor's interests. Accordingly, this counsel respectfully requests leave to withdraw as debtor's attorney of record.

I declare under penalty of perjury that the foregoing is true and correct; and, that this declaration was executed on 09/04/09 at Placentia, California.

By: /s/ Riordan J. Zavala, Esq.

| In re: Coastline Manufacturing, LLC | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 6:09-bk-28324- BB |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: P.O. Box 1061, Placentia, CA 92871

A true and correct copy of the foregoing document described as **DECLARATION OF RIORDAN J. ZAVALA, ESQ. IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 09/04/09 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

U.S. Trustee            Elizabeth.lossing@usdoj.gov
Mark D. Hurwitz         mhurwitz@lsl-la.com
Leo D. Plotkin          lplotkin@lsl-la.com
Richard Egger           richard.egger@bbklaw.com
Stephen R. Wade         srw@srwadelaw.com

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 09/04/09 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.
Garthwaite, David   dgjr@window-logic.com       Re:   Debtor

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 09/04/09 | Riordan J. Zavala, Esq. | /s/ | Riordan J. Zavala, Esq. |
|---|---|---|---|
| *Date* | *Type Name* | | *Signature* |