| | |
|---|---|
| PETER C. ANDERSON, UNITED STATES TRUSTEE<br>EVERETT GREEN, SBN 237936<br>TRIAL ATTORNEY<br>OFFICE OF THE UNITED STATES TRUSTEE<br>3685 Main Street, Suite 300<br>Riverside, California 92501<br>(951) 276-6990 Facsimile: (951) 276-6973 | FOR COURT USE ONLY<br><br>Revised 10/05 |
| **UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>RIVERSIDE DIVISION** | |
| In re:<br><br>COASTLINE MANUFACTURING LLC,<br><br>Debtor(s). | |
| **NOTICE OF MOTION AND MOTION UNDER 11 U.S.C. § 1112(b) TO CONVERT OR DISMISS CASE WITH AN ORDER DIRECTING PAYMENT OF QUARTERLY FEES AND FOR JUDGMENT THEREON; DECLARATION OF PARALEGAL SPECIALIST** | CHAPTER 11 CASE NUMBER<br><br>06:09-bk-28324-BB |

TO THE DEBTOR, DEBTOR'S ATTORNEY, CREDITORS, AND OTHER INTERESTED PARTIES:

NOTICE IS HEREBY GIVEN that on the following date and time in the indicated courtroom, the United States Trustee will move, and does hereby move the court for an order either converting the above entitled chapter 11 case to chapter 7 or dismissing the case, for payment of quarterly fees, for judgment thereon and for such other relief as may be appropriate on the grounds set forth below.

> Hearing Date: January 27, 2010   Time: 11:00 a.m.    Courtroom: "303"
>
> 3420 Twelfth Street, Riverside, California 92501

Local Bankruptcy Rule 9013-1(a)(7) requires that any opposition or response to this motion be stated in writing, filed with the Clerk of the Court and served upon the United States Trustee at the address set forth in the upper left-hand corner of this document, upon the chapter 11 trustee and his or her attorney if a trustee has been appointed, and upon the debtor and the debtor's attorney no less than fourteen (14) days prior to the above hearing date any reply to the opposition shall be filed with the court and served on the opposing party not later than 7 calendar days (not excluding Saturdays, Sundays, and legal holidays) prior to the hearing on the motion. The court may treat failure to file a written response to this motion within the required time period as consent to the motion.

**FILING INFORMATION**

[x] A voluntary petition under       [ ] chapter 7  [x] chapter 11 [ ] chapter 13 was filed on: 08/11/09.
[ ] An involuntary petition under    [ ] chapter 7  [ ] chapter 11 was filed on:
[ ] An order of relief under         [ ] chapter 7  [ ] chapter 11 was entered on:
[ ] An order of conversion to        [ ] chapter 7  [ ] chapter 11 [ ] chapter 13 was entered on:

**PROCEDURAL STATUS**

[ ] An order for the appointment of a chapter 11 trustee (examiner) was entered on:
[ ] Name of trustee (examiner) appointment:

| Page 2 - (Form 2.1)  (SHORT TITLE) | CHAPTER 11 CASE NUMBER |
|---|---|
| In Re: COASTLINE MANUFACTURING LLC,<br>Debtor(s) | 06:09-bk-28324-BB |

[ ] Name of attorney of record for trustee (examiner):

(This motion is continued on the next page)

**The United States Trustee submits the following points and authorities in support of this motion:**

1. The United States Trustee seeks dismissal based on the failure of the Debtor to pay quarterly fees in the amount of $325.00 presently past due, $650.00 that will be due as of January 31, 2010 and/or $975.00 if the case is dismissed or converted on the hearing date of this Motion, as follows:

2. "[O]n request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interest of creditors, the court shall convert a case under this chapter to a case under chapter 7 of this title or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause." *11 U.S.C. § 1112(b).* "For the purposes of this subsection, the term "cause" includes the "failure to pay any fees or charges required under chapter 123 of title 28." *11 U.S.C. § 1112(b)(4)(K).*

3. Local Bankruptcy Rule 2015-2(b) provides that timely compliance with the reasonable requirements of the Office of the United States Trustee is mandatory.

4. Failure to comply with the reporting requirements of the United States Trustee and the Local Bankruptcy Rules is cause to dismiss a chapter 11 case or convert it to one under chapter 7 (11 U.S.C. § 1112(b)(1) and (b)(4)), [*In re 3868-70 White Plains Road Inc.*, 28 B.R. 515 (Bankr. S.D.N.Y. 1983); *In re Bianco*, 5 B.R. 466 (Bank. D. Mass.1980); *In re Pappas,* 17 B.R. 662 (Bankr. D. Mass. 1982)].

5. The court may prohibit the debtor from filing another bankruptcy petition for a period of 180 days where the debtor has failed to properly prosecute the case. 11 U.S.C. §§ 105, 109(g) and 349(a).

6. The United States Trustee Notice of Requirements provides that payment of quarterly fees is due upon dismissal of the case. The United States Trustee requests that the court order payment as requested herein and enter a judgment pursuant to Bankruptcy Rules 9014 and 7052 if the case is dismissed.

(This motion is continued on the next page)

| Page 3 - (Form 2.1)   (SHORT TITLE) | CHAPTER 11 CASE NUMBER |
|---|---|
| In Re: COASTLINE MANUFACTURING LLC,<br>Debtor(s) | 06:09-bk-28324-BB |

**Based on the above facts and law, and also based upon such oral and/or documentary evidence as may be presented at the time of the hearing, the United States Trustee respectfully requests as follows:**

A. That the court grant the United States Trustee's motion herein and either dismiss this case or convert it to one under chapter 7 of the United States Bankruptcy Code. The United States Trustee suggests that [ ] dismissal [X] conversion is more appropriate.

B. If the case is converted to one under chapter 7, that the court enter an order requiring debtor's counsel to file a fee application under Bankruptcy Code § 330 within thirty (30) days.

C. If the case is dismissed, that the court enter an order prohibiting the debtor from filing another bankruptcy petition for a period of 180 days after the date of entry of the order of dismissal.

D. If the case is dismissed, that the court order the debtor to pay any quarterly fees due to the United States Trustee forthwith and enter a judgment in favor of the United States Trustee for any unpaid quarterly fees.

E. In the alternative, that the court set dates certain for the debtor to file a disclosure statement and plan, to obtain court approval of the adequacy of information in the disclosure statement, and to obtain court confirmation of a plan of reorganization ("dates certain") and that this court order that the debtor remain in full and timely compliance with the United States Trustee requirements.

F. If the court sets date(s) certain and/or orders that the debtor remain in full and timely compliance with the United States Trustee requirements, that the court further order that if the debtor fails to comply with any date set or to remain in full and timely compliance, that this case may be converted or dismissed without further hearing, upon application of the United States Trustee to the court, served upon debtor and debtor's counsel.

G. That the court order such other and further relief as may be appropriate in the circumstances.

Date of execution: December 18, 2009

OFFICE OF THE UNITED STATES TRUSTEE

By: /s/ Everett Green
Name: EVERETT GREEN
Attorney for United States Trustee

| Page 4 - (Form 2.1)        (SHORT TITLE) | CHAPTER 11 CASE NUMBER |
|---|---|
| In Re: COASTLINE MANUFACTURING LLC,<br>Debtor(s) | 06:09-bk-28324-BB |

## DECLARATION OF BANKRUPTCY ANALYST

1. I am employed as a Bankruptcy Analyst in the Office of the United States Trustee for the Central District of California with the responsibility of monitoring the administration of chapter 11 cases.

2. I have reviewed the files of the Office of the United States Trustee in connection with this bankruptcy case. I have personal knowledge of the facts set forth herein and if called as a witness could and would competently testify thereto.

3. [ ]   The debtor is a small business debtor as that term is defined in 11 U.S.C. § 101(51)(D).
   [ ]   To date, no disclosure statement and plan of reorganization has been filed or submitted by the debtor.
   [ ]   The debtor has failed to schedule a hearing for approval of the disclosure statement or plan.
   [ ]   A hearing to consider the adequacy of information in the debtor's disclosure statement is set for:
   [ ]   The disclosure statement was approved by the court by an order entered on:

4. The Debtor has failed to comply with the requirements of the United States Trustee Chapter 11 Notice of Requirements and/or Local Bankruptcy Rules by failing to provide documents, financial reports or attend required meetings as follows:

   [ ]   A conformed copy of Schedules of Assets and Liabilities.
   [ ]   A conformed copy of Statement of Financial Affairs.
   [ ]   An executed list of the twenty (20) largest unsecured creditors.
   [     A Notice of Setting/Increasing Insider Compensation.

   [ ]   Appear at the initial debtor interview.
   [ ]   Appear at the duly noticed § 341(a) examination.

   [ ]   Real Property Questionnaire(s).
   [ ]   Sufficient evidence of closing of all pre-petition bank accounts including: closing bank statements, a declaration disclosing all pre-petition bank accounts, including the name and address of the bank, the account number, the date the account was closed and the amount in the account at time of closing.
   [ ]   Sufficient evidence of opening and maintenance of debtor-in-possession bank accounts including: a voided "debtor-in-possession" check and a copy of the signature card for each account.
   [ ]   Sufficient evidence of current insurance coverage including: an insurance declaration page for each policy and a declaration stating that the debtor has all applicable customary insurance required to operate.
   [ ]   Proof of required certificates and/or applicable licenses.
   [ ]   A list of insiders as defined at 11 U.S.C. § 101(31).
   [ ]   Most recently prepared audited and/or unaudited financial statements issued prior to filing.
   [ ]   A projected cash flow statement for the first ninety days of operation under chapter 11.
   [ ]   Copies of trust agreements to which the Debtor is a party or under which property is held.
   [ ]   Conformed copies of recorded petition in each county in which real property is owned or leased.
   [ ]   A physical inventory as of the date of filing of the petition.
   [ ]   A Statement of Major Issues and Timetable Report.
   [ ]   Copies of the preceding three years of state and federal income tax returns and the most recent payroll and sales tax returns.
   [ ]   An Employee Benefit Plan Questionnaire
   [ ]   Monthly Operating Report(s) [ ] since filing [ ] for the following periods:
   [X]   Pay quarterly fees in the amount of $650.00 [ ] since filing [x] for the following quarters: **3rd and 4th quarters of 2009.**

| Page 5 - (Form 2.1)　　　(SHORT TITLE) | CHAPTER 11 CASE NUMBER |
|---|---|
| In Re: COASTLINE MANUFACTURING LLC,<br>　　　　　　　　　　　　　　　Debtor(s) | 06:09-bk-28324-BB |

[x ]  Quarterly disbursement amounts for computation of quarterly fees  [  ] since filing  [x ] for the following

**3rd Quarter 2009: $325.00**
**4th Quarter 2009: $325.00**

| Page 6 - (Form 2.1)    (SHORT TITLE) | CHAPTER 11 CASE NUMBER |
|---|---|
| In Re: COASTLINE MANUFACTURING LLC,<br>Debtor(s) | 06:09-bk-28324-BB |

5. [ X ] If this case is dismissed or converted or remains in Chapter 11 up to October 7, 2009, the Debtor will owe 1st Quarter, 2010 fees as well. The total amount including the 1st Quarter, 2010 and 3rd and 4th quarters of 2009 will be $975.00.

6. [ ] Attached are true and correct copies of the following documents in support of the above allegations:

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on the following date at Riverside, California.

Date of execution: December 18, 2009

By: _Timothy J. Farris_ (signature)
Timothy J. Farris
Bankruptcy Analyst

NOTE: When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Office of the U. S. Trustee
3685 Main Street, Suite 300
Riverside, CA 92501

The foregoing document described as: **NOTICE OF MOTION AND MOTION UNDER 11 U.S.C. § 1112(b) TO CONVERT OR DISMISS CASE WITH AN ORDER DIRECTING PAYMENT OF QUARTERLY FEES AND FOR JUDGMENT THEREON; DECLARATION OF PARALEGAL SPECIALIST** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On_, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On 12-29-09, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*
U. S. Mail:

**DEBTOR:**
COASTLINE MANUFACTURING LLC
PO BOX 1238
BANNING, CA 92220

**DEBTOR'S COUNSEL:**
STEPHEN R. WADE
400 N. MOUNTAIN, STE 214B
UPLAND, CA 91786

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 12-29-09 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*
**Honorable Sheri Bluebond, bin in front of courtroom 303, Riverside Division**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 12-29-09 | Bonita DeGrave | /s/ Bonita DeGrave |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.
January 2009